# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | BK-S-07-11819-BAM |
| RICHARD B. MCDONALD, et al. | |
| Debtors. | |
| RICHARD B. MCDONALD, et al., | 2:12-CV-1711 JCM (CWH) |
| Appellants, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Appellee. | |

**ORDER**

Presently before the court is the bankruptcy appeal of Richard and Paula McDonald from the decision of the United States Bankruptcy Court. (Doc. #9). Appellee, the United States of America, filed a response and cross-appeal. (Doc. # 11). Appellants filed a reply and response. (Doc. #12).

**I. Background**

On April 4, 2007, Richard and Paula McDonald filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada. The IRS timely filed a proof of claim for its taxes and amended it twice. Its final claim was amended on May 24, 2007, and had a priority tax amount of $11,205.89 for tax years 2003-05 and a secured

**James C. Mahan**
**U.S. District Judge**

1  portion in the amount of $1,105.00 with 7% interest. (Doc. #9, p. 8). The McDonalds' plan was
2  confirmed on July 23, 2007, and provided the IRS the priority amount of $12,705.77, for those tax
3  years. *Id*. Their plan paid the IRS its exact amount, through the chapter 13 trustee. *Id.* The
4  McDonalds received their discharge on Sept. 23, 2011. *Id.*

5  Following their discharge, the IRS contacted the McDonalds at least three times to attempt
6  to collect the tax debt from tax year 2005. *Id.* The IRS subsequently withheld the McDonalds'
7  2011 tax refund of $998.00 and applied it towards the 2005 tax year. *Id.*

8  On June 27, 2012, the McDonalds served a motion on the IRS to reopen chapter 13 and to
9  hold the IRS in contempt and for sanctions for violation of the discharge injunction 11 U.S.C. §
10 524(a)(2). (Doc. # 1, p. 22). On August 31, 2012, the United States Bankruptcy Court ordered:

11 -       the McDonalds' chapter 13 reopened
12 -       the IRS is prohibited from further contact with the McDonalds, including no
13         collection letters, no legal process and no administrative action, with regard to their
14         2005 federal income tax.
15 -       the IRS is to refund back to the McDonalds the amount of their 2001 tax refund that
16         was levied by the IRS within 45 days of this hearing, i.e. $998.
17 -       the McDonalds to exhaust their administrative remedies prior to the court
18         determining any further damages or attorneys' fees in this case.
19 -       for the purposes of the beginning of the six months time period for administrative
20         action under 26 U.S.C. § 7433, the date of service of the McDonalds' motion, i.e.
21         June 27, 2012, started this time period.
22 (Doc. #1, p. 25).

23 The McDonalds timely filed a notice of appeal on September 14, 2012. (Doc. # 1, p. 2). The
24 United States of America filed its cross notice of appeal on September 25, 2012. (Doc. # 1, p. 5).
25 The McDonalds filed an appeal on September 1, 2013, arguing the bankruptcy court erred in
26 ordering appellants to first exhaust their administrative remedies. (Doc. #9). The United States of
27 America filed a response and cross-appeal on September 12, 2013, arguing the bankruptcy court was
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

correct in holding appellants must first exhaust their administrative remedies but erred when holding the date of service of the McDonalds' motion is the start date for the administrative action. (Doc. # 11).

## II. Discussion

### A. Legal Standard

A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. § 158(a); *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005). The district court reviews a bankruptcy court's conclusions of law on a *de novo* basis. *Id.* The standard of review applicable to the bankruptcy court's findings of fact will not be set aside unless they are clearly erroneous. *Great W. Bank v. Sierra Woods Grp.*, 923 F.2d 1174, 1176 (9th Cir. 1992).

### B. Analysis

### 1. Exhaustion of Administrative Remedies

Appellants argue that the bankruptcy court erred in ordering that appellants must first exhaust their administrative remedies under 26 U.S.C. § 7433(d) instead of using the "plain language" of 26 U.S.C. § 7433(e) which stated the bankruptcy court is the exclusive remedy for debtors when the IRS violates a bankruptcy discharge. (Doc. #9). The appellee argues the bankruptcy court's order was correct and before seeking an award of damages from a bankruptcy court under Section 7433(e), a taxpayer is required first to exhaust the administrative remedies.

The plain language of 26 U.S.C. § 7433 makes a petition under subsection (e) a debtor's exclusive remedy for recovering damages. However, Section 7433(b) places limitations on the damages that may be awarded by the bankruptcy court and explicitly states that it applies to petitions filed under subsection (e). Subsection (b) states:

> (b) Damages.—In any action brought under subsection (a) *or petition filed under subsection (e)*, upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of—

**James C. Mahan**
**U.S. District Judge**

- 3 -

> (1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and
> (2) the costs of the action.

*Id*. § 7433(b) (emphasis added).

Furthermore, any damages the bankruptcy court awards under subsection (b) is conditioned upon compliance with the provisions in subsection (d) of the statute. That provision states:

> (d) Limitations.—
> (1) *Requirement that administrative remedies be exhausted*.—A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.
>
> (2) Mitigation of damages.—The amount of damages awarded under subsection (b)(1) shall be reduced by the amount of such damages which could have reasonably been mitigated by the plaintiff.
>
> (3) Period for bringing action.—Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues.

*Id*. § 7433(d) (emphasis added).

Here, § 7433(e) can not be read in isolation. The exclusive remedy for recovering damages from the Internal Revenue Service for violating the discharge injunction is a petition brought pursuant to § 7433(e). However, such a petition is subject both to the limitation of damages set forth in subsection (b) of the statute and the exhaustion of remedies requirement in subsection (d)(1) of the statute. Subsection (b) explicitly applies to petitions under subsection (e), and subsection (d)(1) applies to all awards under subsection (b). Therefore, a petition brought pursuant to subsection (e) is subject to the provisions of both subsections (b) and (d)(1) of the statute. *Kovacs v. United States*, 614 F.3d 666, 673 (7th Cir. 2010); *Kuhl v. United States*, 467 F.3d 145, 147 (2d Cir. 2006); *In re Parham*, 2013 Bankr. LEXIS 3028, 6, 2013 WL 3933938 (Bankr. E.D. Tenn. 2013).

Accordingly, the court AFFIRMS the bankruptcy court's finding that appellants are required to exhaust their administrative remedies before the bankruptcy court may determine any further

James C. Mahan
U.S. District Judge

- 4 -

damages or attorney's fees.

**2.      Start Date of Administrative Action**

The appellee argues the bankruptcy court erred in finding that, for purposes of an administrative action under 26 U.S.C. § 7433, the date of service of the McDonalds' motion, i.e., June 27, 2012, began the six-month period because the debtors' motion did not contain the necessary information for the IRS to adequately consider their claim. (Doc. #11). The appellants argue their motion satisfied all of the requirements of Treas. Reg. § 301-7433-2(e)(1).

The Treasury Regulations set forth the administrative processes for seeking redress for violations of § 524 by the IRS. *See* 26 C.F.R. § 301.7433-2. A debtor must send a written administrative claim for damages to the Chief, Local Insolvency Unit, for the judicial district in which the debtor filed the underlying bankruptcy case. 26 C.F.R. § 301.7433-2(e)(1). The administrative claim is to include:

> (I) The name, taxpayer identification number, current address, and current home and work telephone numbers (with an identification of any convenient times to be contacted) of the taxpayer making the claim;
>
> (ii) The location of the bankruptcy court in which the underlying bankruptcy case was filed and the case number of the case in which the violation occurred;
>
> (iii) A description, in reasonable detail, of the violation (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
>
> (iv) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
>
> (v) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available documentation or evidence); and
>
> (vi) The signature of the taxpayer or duly authorized representative.

26 CFR 301.7433-2(e)(2).

. . .

Here, appellants' motion includes details similar to those required by Treasury Regulation § 301.7433-2(2); however, it was not submitted in the required form. The plain language of § 301.7433-2(1) states that a debtor must send a written "administrative claim" for damages to the "Chief, Local Insolvency Unit." Thus, the regulatory scheme mandates that a debtor file an administrative claim with the agency, and a motion is not an appropriate substitute.

Therefore, the court REVERSES the bankruptcy's court decision that, for purposes of the beginning of the six-month time period for administrative action under 26 U.S.C. § 7433, the date of service of the McDonalds' motion, i.e., June 27, 2012, starts that time period.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the bankruptcy court's ruling of bankruptcy case *McDonald, et al. v. United States of America*, case number 2:12-cv-01711-JCM-CWH be, and the same hereby is, AFFIRMED in part and REVERSED in part, consistent with the foregoing.

DATED September 27, 2013.

*[signature: James C. Mahan]*
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 6 -